IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RICK ROBINSON,

                Plaintiff,

v.

MELODY NAVANO and R. SCHUELER

                Defendants.

OPINION and ORDER

19-cv-867-jdp

---

Pro se plaintiff and prisoner Rick Robinson has filed a complaint in which he alleges that he did not have his asthma medication for several days when he was transferred from one prison to another in 2017. He blames defendant R. Schueler (the health services unit manager at Colombia Correctional Institution) and defendant Melody Navano (a prison nurse) for the delay, and he contends that they violated his Eighth Amendment rights. The case is before the court for screening under 28 U.S.C. § 1915(e)(2) and § 1915A to determine whether the complaint states a claim upon which relief may be granted.

A prison official violates a prisoner's Eighth Amendment right to medical care if the official is "deliberately indifferent" to a "serious medical need." *Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976). A "serious medical need" is a condition that a doctor has recognized as needing treatment or one for which the necessity of treatment would be obvious to a lay person. *Johnson v. Snyder*, 444 F.3d 579, 584–85 (7th Cir. 2006). The condition does not have to be life threatening. *Id.* A medical need may be serious if it "significantly affects an individual's daily activities," *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997), if it causes significant pain, *Cooper v. Casey*, 97 F.3d 914, 916–17 (7th Cir. 1996), or if it otherwise subjects the prisoner to a substantial risk of serious harm, *Farmer v. Brennan*, 511 U.S. 825 (1994).

"Deliberate indifference" means that the officials are aware that the prisoner needs medical treatment, but are disregarding the risk by consciously failing to take reasonable measures. *Forbes v. Edgar*, 112 F.3d 262, 266 (7th Cir. 1997).

Thus, a claim under the Eighth Amendment for failing to provide adequate medical care has three elements:

(1) Did the prisoner need medical treatment?

(2) Did the defendant know that the prisoner needed treatment?

(3) Despite his or her awareness of the need, did the defendant consciously fail to take reasonable measures to provide the necessary treatment?

Robinson has not stated a claim under the above standard. First, Robinson doesn't allege that he suffered an asthma attack or any other adverse health consequences during the period that he didn't have his inhaler. *See Gabb v. Wexford Health Sources, Inc.*, 945 F.3d 1027, 1032 (7th Cir. 2019) (plaintiff suing for violation of constitutional rights must show "injury or damages").

Second, even if I assume that Robinson doesn't have to show harm, *see Smith v. Peters*, 631 F.3d 418, 421 (7th Cir. 2011), Robinson's allegations and the document he attaches to his complaint show that prison staff didn't intentionally or recklessly refuse to help him. Robinson alleges that there was a delay in receiving his asthma medication, and the reason appears to be that defendant Navano checked a box on a transfer screening form indicating that Robinson didn't have any prescribed medications. (Robinson doesn't explain how Schueler was involved.) But even Robinson refers to the delay as a "mistake." Dkt. 1, at 5. He doesn't allege that Navano knew he had a prescribed inhaler but checked the wrong box on the form anyway.

2

Navano may have made a mistake. That mistake may even have been negligent. But negligence isn't enough to prove an Eighth Amendment violation. *See Norfleet v. Webster*, 439 F.3d 392, 396 (7th Cir. 2006) ("[E]ven admitted medical malpractice does not give rise to a constitutional violation."). So I will dismiss this case for Robinson's failure to state a claim upon which relief may be granted.

ORDER

IT IS ORDERED that:

1. This case is DISMISSED for plaintiff Rick Robinson's failure to state a claim upon which relief may be granted.

2. Because this case is being dismissed for one of the reasons listed in 28 U.S.C. § 1915(g), the clerk of court is directed to record a "strike." *See Turley v. Gaetz*, 625 F.3d 1005, 1008–09 (7th Cir. 2010). If Robinson receives three "strikes" under § 1915(g), he will not be able to proceed in future cases without prepaying the full filing fee unless he is in imminent danger of serious physical injury.

3. The clerk of court is directed to enter judgment in favor of defendants and close this case.

Entered February 21, 2020.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge